IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Sep 21 2023
U.S. DISTRICT COURT
Northern District of WV

EDGAR GREENE

    Plaintiff,

v.      CIVIL ACTION NO. **1:23-CV-75 (Kleeh)**

ICG TYGART VALLEY, LLC.,
d/b/a ACI TYGART VALLEY,
a Missouri, LLC,

    Defendants.

## COMPLAINT

Plaintiff, Edgar Greene, by counsel, state and allege as follows for his Complaint against the defendants:

## PARTIES & JURISDICTION

1. At all times relevant, plaintiff was a resident and citizen of Greensboro, Pennsylvania. On and prior to September 24, 2021, plaintiff Edgar Greene was employed by defendant ICG Tygart Valley, LLC d/b/a ACI Tygart Valley.

2. Defendant ICG Tygart Valley, LLC d/b/a ACI Tygart Valley ("ICG Tygart Valley") is a Missouri limited liability company, whose sole business involves the extraction and processing of coal in Taylor County, West Virginia. Defendant ICG Tygart Valley is, and at all times relevant herein was, regulated by the United States Department of Labor Mine Safety and Health Administration ("MSHA") as well as the West Virginia Office of Miners' Heath Safety & Training ("WVOMHST") and was responsible for compliance with all applicable MSHA and WVOMHST rules and regulations, as well as commonly accepted safe mining practices used in the coal industry, in the operation of the Leer mine.

3.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Venue is proper before this Court because the subject incident resulting in plaintiff's serious injuries occurred within the Northern District of West Virginia in Taylor County, West Virginia.

### FACTS

4.  At all times relevant, plaintiff Edgar Greene was employed by defendant ICG Tygart Valley as a motor man at its Leer underground mine. Plaintiff was assigned to work on the third shift (hoot owl) on the No. 2 left longwall section.

5.  At all times relevant, defendant ICG Tygart Valley was the operator of the Leer underground mine.

6.  On September 24, 2021, the section was doing a power move. It was common practice to drop the high-line as a whole during the move. During this process, miners drop the high-line outby and the line continues to drop from its hangers for nearly 1,000 feet.

7.  Without providing a prior warning to plaintiff Edgar Greene, an employee started dropping the high-line at Block 49. Plaintiff Edgar Greene was working near block 45 when he stepped out into the cross-cut at the same time the high line was dropped and was struck by the high line resulting in serious compensable injuries which have resulted in a 27% total whole person permanent impairment.

8.  According to witness statements provided to MSHA and the WVOMHST, the high line was tied off with a chain approximately 550 feet from where it was originally dropped; this was approximately 10 feet outby from where it struck Mr. Greene. The chain was hooked to the eye of a roof bolt plate, and the eye had broken, resulting in the high line coming down and striking Mr. Greene.

9. Appropriate safeguards were not in place to control the risk of heavy falling materials striking workers in the area, including but not limited to, securely anchoring the high-line, preventing access to the area where the high-line was being dropped and its immediate path of travel by cordoning or blocking off this potentially dangerous area, and scheduling overhead maintenance when there are the smallest number of people present in the area.

10. Mine management exposed Mr. Greene to the serious and potentially fatal risk of being struck by falling materials (the falling high line) without ensuring that any of the above-referenced appropriate safeguards were implemented, creating specific unsafe working condition(s) which present a high degree of risk and a strong probability of serious injury or death.

11. As a direct and proximate result of defendants' acts and/or omissions which caused plaintiff Edgar Greene to sustain multiple injuries to his body including but not limited to a cervical fracture, multiple rib fractures, bilateral pulmonary contusion, larynx trauma, closed fracture of the thyroid cartilage, injury to the left and right vertebral arteries, and fracture to the right radius, and other pains and ailments such that defendant is liable to the plaintiff for all damages, past and future, including but not limited to:

    a. extreme physical pain and suffering, past, present and future;

    b. extreme mental anguish and suffering, past, present and future;

    c. permanent physical and/or psychological impairment;

    d. loss of wages and benefits;

    e. loss of future earning capacity and benefits;

    f. loss of capacity to enjoy life;

    g. medical expenses past and future;

    h. annoyance and inconvenience; and

      I.      permanent scarring and disfigurement.

## COUNT I
## DELIBERATE INTENT
### (ICG Tygart Valley)

12.    The plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if set forth herein verbatim.

13.    On or about September 24, 2021, defendant ICG Tygart Valley violated W. Va. Code Ann. § 23-4-2(d)(2)(B) in that:

> (i)    That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (ii)    That ICG Tygart Valley, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (iii)    That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer which rules, regulations and standards were specifically applicable to the work and working condition involved, and were intended to address the specific hazard(s) presented by the alleged specific unsafe working condition[1];
>
> (iv)    That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

---

[1] As it pertains to the alleged violations upon which plaintiff avers will prove element (c) of his claim, please see the verified statement of Thomas McLoughlin attached hereto. Mr. McLoughlin' statement contains and describes (1) his knowledge and expertise of the applicable workplace safety statutes, rules, regulations and/or written consensus industry safety standards; (2) The specific unsafe working condition(s) that were the cause of the injury that is the basis of the complaint; and (3) The specific statutes, rules, regulations or written consensus industry safety standards violated by ICG Tygart Valley that are directly related to the specific unsafe working conditions.

      (v)    That Edgar Greene suffered a serious compensable injury as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition, which includes a 27% total whole person permanent impairment.

14.    As a direct and proximate result of defendant's actions, omissions, and conduct on or about September 24, 2021, Edgar Greene sustained the serious and permanent injuries and damages as stated herein.

WHEREFORE, plaintiff demands judgment against the defendant for:

    a.)    compensatory damages to be determined by a jury according to the laws of the State of West Virginia;

    b.)    costs and attorney fees expended in prosecution of this matter;

    c.)    pre-judgment and post-judgment interest as provided under the law; and

    d.)    any and all other relief to which the Court deems plaintiff is entitled.

**A JURY TRIAL IS DEMANDED.**

                            EDGAR GREENE
                            By Counsel,

*/s/ D. Blake Carter, Jr.*
D. Blake Carter, Jr. (WV State Bar No. 9970)
J. Ryan Stewart (WV State Bar No. 10796)
BAILEY JAVINS & CARTER, LC
213 Hale St.
Charleston, WV 25301
304-345-0346
jrcarter@bjc4u.com
rstewart@bjc4u.com
*Counsel for Plaintiff*